UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| STUART ROSENBERG,<br><br>               Plaintiff,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC. A Foreign Corporation, d/b/a THE HOME DEPOT.<br><br>               Defendants. | No. 1:16-cv-05272 |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, HOME DEPOT USA, INC. ("Home Depot"), by its attorneys, McVey & Parsky, LLC, submits this Memorandum of Law in support of its motion for summary judgment under Fed R. Civ. P. 56 (1).

### STATEMENT OF FACTS

Plaintiff was shopping at the Niles, Illinois, Home Depot around midday on April 22, 2014. [Ex. A, ¶ 6]. He proceeded to the aisle in the garden area that contained the product he wanted to purchase. [*Id.*, ¶ 7]. Part of the garden area was shaded and part was "in bright sunlight." [*Id.*, ¶ 8].

He observed "some sort of large machine" in the aisle as he approached the aisle, which turned out to be a forklift. [*Id.*, ¶ 9]. He first noticed the forklift as he was walking down the main aisle in the garden area (referred to as the "racetrack") [*Id.*, ¶ 10]. A Home Depot employee was "not far from this vicinity" (where the forklift was located), and had advised Plaintiff that

the product he wanted was located in that aisle. [*Id.*, ¶ 11]. Before entering the aisle, he observed that "[t]here was enough space for [him] to get by" the forklift, "so [he] proceeded." [*Id.*, ¶ 12].

He walked around the forklift and "didn't have to squeeze [him]self through." [*Id.*, ¶ 13]. As he entered the aisle, his attention was "in several different places." [*Id.*, ¶ 14]. He "noticed the item, on the shelf across, that [he] was looking for." [*Id.*, ¶ 15]. "Almost simultaneously, [he] [also] noticed that this machine was a forklift truck and that there were forks almost directly beneath [his] feet." [*Id.*, ¶ 16].

"[He] was paying attention to where [he] was walking and [he] was paying attention to where [he] was looking." [*Id.*, ¶ 17]. He explained that his line of vision was "in front of [him]," which included "where [he] was walking." [*Id.*, ¶ 18].

He claimed that he had not noticed the forks before entering the aisle because the forks were in the shade, whereas the rest of the forklift was in bright sunlight. [*Id.*, ¶ 19]. Once he entered the aisle, however, he "notice[d] they're there, and [he] attempt[ed] to step over them." [*Id.*, ¶ 20].

His foot contacted the first fork, however, and he fell. [*Id.*, ¶ 21]. He had not been carrying anything when he entered the aisle or fell. [*Id.*, ¶ 22]. He "was in a daze" when he landed and "didn't know what had happened." [*Id.*, ¶ 23].

## ARGUMENT

### A. Summary Judgment Standard

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact" and that he "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law underlying the claim defines which facts are material, and such a motion should be granted unless there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248

(1986). Once the moving party demonstrates that there is no genuine dispute as to any material fact, the opposing party may not rest on mere allegations or denials; instead, he must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c).

Moreover, if the nonmoving party fails to establish an essential element of his case, summary judgment is appropriate. "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). Once a moving party indicates that there is no issue of material fact, the nonmoving party must counter by going "beyond the pleadings" and setting forth specific facts and evidence that demonstrate "the existence of a genuine, material, triable issue." *Green v. White*, 17 F.3d 199, 202 (7th Cir. 1994). A nonmoving party's failure or inability to prove such elements "renders all other facts immaterial" and is fatal to the claim. *Id.* (citing *Celotex*, 477 U.S. at 324).

**B. Home Depot is entitled to summary judgment because the condition of which Plaintiff complains was open and obvious.**

Under Illinois law,[1] a property owner is ordinarily "not required to foresee and protect against an injury if the potentially dangerous condition is open and obvious." *Bruns v. City of Centralia*, 21 N.E.3d 684, 690 (Ill. 2014); *Prostran v. City of Chi.*, 811 N.E.2d 364, 368 (Ill. Ct. App. 2004). Illinois courts recognize the open and obvious rule because landowners "should not be confronted with the impossible burden of rendering their premises injury-proof," and they are entitled to expect "that their patrons will exercise reasonable care for their own safety." *Bonner v. City of Chi.*, 778 N.E.2d 285, 289 (Ill. Ct. App. 2002). The court may decide as a matter of law

---

[1] When, as here, a federal court's jurisdiction is based on diversity of citizenship, the law of the forum State controls. *E.g.*, *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. De C.V.*, 28 F.3d 572, 581 (7th Cir. 1994) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

whether a condition is "open and obvious" if the parties do not dispute "the physical nature of the condition." *Bruns*, 31 N.E.3d at 690; *Peters v. R. Carlson & Sons, Inc.*, 70 N.E.3d 196, 201 (Ill. Ct. App. 2016).

A condition is "obvious" if "both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Prostran*, 811 N.E.2d at 368 (internal quotations and citations omitted). "Whether a condition is open and obvious depends on the objective knowledge of a reasonable person, not the plaintiff's subjective knowledge." *Id.* (citations omitted).

Illinois courts have found that dangerous conditions are open and obvious when they were obscured because of poor lighting or visual impediments. For instance, in *Peters* the Illinois Appellate Court held that a condition was open and obvious when the plaintiff "testified that the lighting near where he fell was not very good but also testified that the lighting was sufficient to see where he was going." 70 N.E.3d at 202. The plaintiff further explained that he "was aware of the condition of the parkway, including rocks, dirt, and holes." *Id.*

The Illinois Appellate Court similarly held that "operating a dirt bike in an area with diminished visibility due to tall corn on defendant's property was an open and obvious danger." *Farrell v. Farrell*, 72 N.E.23 410, 416 (Ill. Ct. App. 2016). In that case, the plaintiff's dirt bike collided with an all-terrain vehicle driven by another individual. *Id.* at 412.

Similarly, Plaintiff observed the forklift as he approached the aisle. [Ex. A, ¶ 9]. He observed the forks "almost simultaneously" upon entering the aisle and attempted to step over them, but was unsuccessful. [*Id.*, ¶ 16].

Plaintiff's testimony shows that the lighting was sufficient to enable him to see where he was going, although parts of the aisle might have been in a shadow. *Cf. Peters*, 70 N.E.3d at 202.

4

His testimony shows that he observed the forks, understood that he needed to step over the forks, and attempted to do so. A reasonable person would reach the same conclusion. *Cf. Prostran*, 811 N.E.2d at 368. Thus, the open and obvious rule applies and Home Depot owed no duty.

**C. Neither exception to the open and obvious rule applies.**

Illinois courts recognize two exceptions to the open and obvious rule: the distraction exception and the deliberate encounter exception. Neither applies to Plaintiff's case.

**1. The distraction exception should not apply because Plaintiff was not actually distracted and because his injuries were caused by his inattentiveness.**

Illinois courts recognize an exception to the general rule when the entrant is generally exercising reasonable care for his own safety, but "may reasonably be expected to be distracted, as when carrying large bundles." *Prostran*, 811 N.E.2d at 370. It is limited to situations when "the plaintiff was distracted by something external to the dangerous condition," not from the general condition of the sidewalk." *Id.* The Illinois Appellate Court found the exception inapplicable in situations analogous to the one presented here. *E.g.*, *Belloumini v. Stratford Green Condo Ass'n*, 805 N.E.2d 701 (Ill. Ct. App. 2004); *Richardson v. Vaughn*, 622 N.E.2d 53 (Ill. Ct. App. 1993).

In *Belloumini*, the plaintiff tripped over a bicycle in a hallway in her apartment building. 805 N.E.2d at 704–05. She claimed that she noticed the bicycle, though she did not testify that she noticed the location of the rear tire on which she tripped. *Id.* at 704. She further testified that was looking at the outside door when she tripped. *Id.* The Illinois Appellate Court found the exception inapplicable because Belloumini was not actually distracted. *Id.* at 708.

Similarly, Plaintiff saw the forklift and observed the forks as he attempted to move around the forklift. [Ex. A, ¶ 16, 20]. He attempted to step over the forks. [*Id.*, ¶ 20]. Although he was also looking at the shelf that contained the product he wished to purchase, [*id.*, ¶ 15],

5

there is no evidence that he was distracted. Indeed, there is more evidence that Plaintiff observed the location of the alleged hazard than there was in *Belloumini*: Belloumini never testified that she noticed the location of the rear tire; Plaintiff observed the forks at his feet before he attempted to step over them. *Compare Belloumini*, 805 N.E.2d at 704, *with* [Ex. A, ¶¶ 16, 20].

In *Richardson*, the defendant had tied a cable between two trees to prevent cars from driving on its north lawn. 622 N.E.2d at 54. Richardson ran toward the cable while playing a game with other individuals, jumped over the cable, and injured his knee when he landed. *Id.* at 55. The court noted that the landowner could have anticipated that patrons would engage in physical activity on the premises, but held that it was unreasonable to expect them to anticipate a plaintiff would bind himself to the probable consequences of his actions. *Id.* at 57. Thus, Rochardson's injuries were caused by inattentiveness, not a distraction. *Id.* at 58. The court found the exception inapplicable because Richardson was not exercising reasonable care.

Similarly, Plaintiff walked toward the forklift, observed the forks, attempted to step over them, and fell when his foot did not clear the forks. [Ex. A, ¶13, 16, 20, 21]. As in *Richardson*, his injuries were not caused by a distraction, but by inattentiveness.

Moreover, unlike cases applying the exception, Plaintiff testified that he was not carrying anything and that he was watching where he was walking. [Ex. A, 17–18, 22]. To the extent Plaintiff attempts to argue that the shadows distracted him, those arguments are unpersuasive. They constitute the general condition of the area, which cannot distract from a specific alleged hazard. *See Prostran*, 811 N.E.2d at 370.

   **2. The deliberate encounter exception does not apply because Plaintiff was not under economic compulsion to proceed down the aisle.**

Illinois courts "most often" apply the exception in cases involving "some economic compulsion, as where workers are compelled to encounter dangerous conditions as part of their

6

employment obligations," *Prostran*, 811 N.E.2d at 371, "such as when a plaintiff is 'forced to choose between facing danger and neglecting his duties' to an employer." *Dunn v. Menard, Inc.*, 880 F.3d 889, 909 (7th Cir. 2018) (quoting *Atchley v. Univ. Chi. Med. Ctr.*, 64 N.E.3d 781, 791 (Ill. Ct. App. 2016). There are no such facts here.

The Court should not extend the exception to apply to Plaintiff's case. It applies when a landowner "has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.* (quoting Rest. Second (Torts), § 343A, cmt. f, at 220).

The Illinois Appellate Court and the Seventh Circuit Court of Appeals have each held that the exception does not apply in situations analogous to the one presented here. *See Dunn*, 880 F.3d at 909; *Kleiber v. Freeport Farm & Fleet, Inc.*, 942 N.E.2d 640, 642 (Ill. App. 2010). Kleiber was attempting to load merchandise into her vehicle from a pallet located outside the store. She walked across the pallet to obtain more merchandise, stepped between the slats in a pallet, fell, and injured her leg. *Kleiber*, 942 N.E.2d at 642–43. The Illinois Appellate Court held that the exception did not apply "even if 'there was no other way to access the topsoil except by crossing the empty pallet'" because Kleiber "could have gone into the store and asked for assistance." *Dunn*, 880 F.3d at 909 (quoting *Kleiber*, 942 N.E.2d at 649). The Seventh Circuit applied the same reasoning to a case involving a plaintiff who was attempting to load stacked insulation into his truck. *Id.* at 909, 904.

Similarly, Plaintiff could have walked around the forks instead of trying to step over them, since there was room between the forklift and the shelf. [Ex. A, ¶ 13]. Even assuming, *arguendo*, that there was no other way to access the shelf he wanted to reach, the exception would not apply. Plaintiff could have sought assistance from a store associate, including the one

7

who was "not far from the vicinity." [*Id.*, ¶ 11]. Thus, the deliberate encounter exception does not apply. *Cf. Dunn*, 880 F.3d 909; *Kleiber*, 942 N.E.2d at 649.

### D. Home Depot did not owe Plaintiff a duty.

Once the Court applies the open and obvious defense, it must "consider the four factors that inform [the] duty analysis: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing the burden on the defendant." *Bruns*, 21 N.E.3d at 694.

As the Seventh Circuit has recognized, "[i]f the danger is open and obvious . . . that means . . . that the first two factors favor the defendant." *Dunn*, 880 F.3d at 910. The Illinois Supreme Court has explained that the first factor "carries little weight" when the open and obvious defense applies "because a defendant is ordinarily not required to foresee injury from a dangerous condition that is open and obvious." *Bruns*, 21 N.E.3d at 694. Similarly, "[t]he second factor carries little weight because 'it is assumed that persons encountering the potentially dangerous condition of the land will appreciate and avoid the risks,' making the likelihood of injury slight." *Id.* (citations omitted). Indeed, "[n]o published premises-liability negligence case . . . [has] held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty." *Dunn*, 880 F.3d at 910 (quoting *Burns*, 37 N.E.3d at 397). Thus, the first two factors favor Home Depot.

The third and fourth factors also favor Home Depot and do not justify imposing a duty. The Seventh Circuit held that imposing additional burdens on Menards would be too onerous. *Id.* According to the court, "Menards employees already perform regular inspections of the [area where the incident occurred] and are available to assist customers if requested." *Id.* The court explained that "imposing an additional duty to monitor [the area] 'would be onerous, requiring [Menards] to expend significant resources to have employees constantly stationed in the

8

warehouse to oversee its customers.'" *Id.* (quoting district court's opinion). The Seventh Circuit held that the proposed additional burden was onerous "particularly . . . because [the] plaintiff 'did not request assistance despite recognizing the risk and knowing such an option was available.'" *Id.* (quoting *Kleiber*, 942 N.E.2d at 650).

Similarly, Plaintiff testified that he observed the forklift, noticed the forks, and tried to step over the forks. [Ex. A, ¶¶ 16, 20]. Accordingly, he appreciated the danger. Moreover, he did not ask for assistance, even though a Home Depot associate was "not far from this vicinity" (where the forklift was located). [*Id.*, ¶ 11]. Any additional duty to monitor the area would be too onerous. *Cf. Dunn*, 880 F.3d at 910. Thus, Home Depot did not owe Plaintiff a duty. Accordingly, summary judgment should be entered in Home Depot's favor.

**E. Kevin Smith's theories do not provide evidence of a duty.**

The Illinois Supreme Court and Appellate Court have each held that "where a statute or ordinance did not create a private right of action, its violation . . . would not have the effect of creating a duty to [the plaintiff] where none existed." *Recio v. GR-MHA Corp.*, 851 N.E.2d 106, 115 (Ill. Ct. App. 2006) (quoting *Feldscher v. E & B, Inc.*, 447 N.E.2d 1331 (Ill. 1983)). The Illinois Appellate Court further noted that "Congress expressed that '[n]othing in this chapter [*i.e.*, OSHA] shall be construed to . . . enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities . . .'" *Id.* at 116. The Appellate Court and this Court have held that "OSHA regulations do not create a duty of care" under Illinois law. *Id.*; *W. Am. Ins. Co. v. Trent Roofing & Constr.*, 539 F. Supp. 2d 1052, 1056 (N.D. Ill. 2008).

Plaintiff's purported causation expert, Kevin Smith, opined that the placement of the forklift violated OSHA standards. [Ex. A, ¶ 25]. That claim is irrelevant to the question of whether Home Depot owed Plaintiff a duty. Thus the Court should disregard Smith's theories.

9

WHEREFORE, Defendant, HOME DEPOT U.S.A., INC., requests that the Court grant its Motion for Summary Judgment and issue an Order entering judgment in favor of HOME DEPOT U.S.A., INC. Additionally, Defendants request oral argument on their Motion.

          Respectfully submitted,

          HOME DEPOT U.S.A., INC.

BY:   /s/ Jonathan R. Sichtermann
       Jonathan R. Sichtermann (6313992)
       One of its attorneys

Jonathan R. Sichtermann
McVEY & PARSKY, LLC
30 North LaSalle Street
Suite 2100
Chicago, IL  60602
Phone: 312/551-2130
Fax:    312/551-2131
Email: jrs@mcveyparsky-law.com

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing:

      Matthew L. Williams
      SALVI, SCHOSTOK & PRITCHARD, P.C.
      218 N. Martin Luther King Jr. Avenue
      Waukegan, IL 60085

      Ph.:   847.249-1227
      Fax:  847/249-0138
      E/M:  mwilliams@salvilaw.com

      McVEY & PARSKY, LLC
      Attorney for Defendant
      30 North LaSalle Street
      Suite 2100
      Chicago, IL 60602
      Tel: (312) 551-2130
      Fax: (312) 551-2131

      By: /s/ Jonathan R. Sichtermann
           Jonathan R. Sichtermann
           Illinois Bar #6313992